IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADAM PAUL STREGE, | ) | CIVIL NO.  09-00249 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING PLAINTIFF'S |
| | ) | AMENDED COMPLAINT WITH |
| vs. | ) | LEAVE TO AMEND |
| | ) | |
| GROUP BUILDERS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND

On June 18, 2009, pro se Plaintiff Adam Paul Strege ("Plaintiff") filed

an Amended Complaint against Group Builders Inc., Deutsche Hypotheken Bank,

U.S. Bancorp and its subsidiaries, U.S. Bank and its subsidiaries, Landesbank

Baden Wuttemberg and its subsidiaries, Calvin Say in his official and unofficial

capacity, Evelyn. P. Sardinha in her official and unofficial capacity, Central Pacific

Bank and its subsidiaries, Clift Tusuji in his official and unofficial capacity,

Gilbert Keith Agaran in his official and unofficial capacity, Opus Corporation and

Gerald Rauenhorst and its subsidiaries, Custom Drywall, the Hawaii Carpenters

Union, Prudential, Hawaii Carpenters Health and Welfare, the Hawaii Department

of Labor and Industry, the Maui Director in his official and unofficial capacity,

Cathy Bowman, Cathy Bowman's Husband the Underwriter and his Company,

Cathy Bowman's Daughter the Afghanistan Ambassador, Cathy Bowman's Daughter's Husband the Swiss Banker, The Swiss Bank He Works For, and Pasco M. Bowman (collectively, "Defendants")[1] alleging various civil rights violations, conspiracies, and violations of the Americans with Disabilities Act and international law.  Upon *sua sponte* review, the court DISMISSES Plaintiff's Amended Complaint and GRANTS Plaintiff leave to file a second amended complaint by **August 10, 2009**.[2]

## ANALYSIS

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker*

---

[1] On July 6, 2009, Plaintiff filed an Affidavit attempting to add Stearns Bank as a Defendant under Federal Rule of Civil Procedure 15(c).  For the foregoing reasons, Plaintiff's claims against Stearns Bank are DISMISSED WITH LEAVE TO AMEND.  Plaintiff may add Stearns Bank as a Defendant in his second amended complaint as set forth in this Order.

[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

*v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).  Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process.  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").[3]

To the extent the court can discern, Plaintiff's 27-page, rambling, confused Amended Complaint (filed along with five exhibits totaling 30 pages) claims that Defendants are jointly responsible for: (1) a conspiracy to conceal the murders of Representative Bob Nakasone and Congressman Paul Wellstone, Am. Compl. ¶¶ 2, 7, 17, 20, 22, 26, 30, 32, 34-35, 42, 45-48, 53, 71, 88, 92; (2) an ongoing conspiracy to kill Plaintiff, *id.* ¶¶ 3, 8, 18, 32, 37, 70, 76; (3) various

---

[3] Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

assaults on Plaintiff, *id.* ¶¶ 6, 51; (4) a conspiracy to give Group Builders all of the

construction work on Maui, *id.* ¶¶ 21-22, 37; (5) a conspiracy to block Plaintiff's

"Interstate Commerce," *id.* ¶¶ 30, 37; (6) firing him and/or denying him

employment due to his religion, disability, and/or his knowledge of the various

conspiracies named in the Amended Complaint, *id.* ¶¶ 7-9, 32, 41, 44, 52, 59-64,

66-69, 74, 79-80, 82-83, 87, 92; (7) robbing him of his pension, *id.* ¶ 43; (8) the

Holocaust, *id.* ¶¶ 19, 26, 35-36, 42, 76, 92-93; (9) the Afghanistan and Iraq wars,

*id.* ¶¶ 23, 28, 90, 93; (10) the September 11 attacks, *id.* ¶¶ 24-26; and (11) the

"next Holocaust" that Plaintiff asserts will take place in Hawaii. *Id.* ¶¶ 29, 47, 90.[4]

Because the Amended Complaint is muddled, incoherent, and utterly

incomprehensible, Plaintiff cannot possibly win relief as drafted and, therefore,

dismissal of Plaintiff's Amended Complaint without notice is proper. *See Omar*,

813 F.2d at 991.[5]  As such, the court DISMISSES Plaintiff's Amended Complaint

with LEAVE TO AMEND as set forth in this Order.

Additionally, the court may dismiss Plaintiff's Amended Complaint

---

[4]  Plaintiff may also make additional claims against some or all Defendants.

[5]  Unlike the instant case where a plaintiff's complaint as drafted could possibly provide him relief, notice is required prior to dismissal. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, . . . but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" (citation omitted)).

for failure to comply with Federal Rule of Civil Procedure 8.  Rule 8 mandates that

a complaint include a "short and plain statement of the claim," Fed. R. Civ. P.

8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R.

Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true substance, if any, is

well disguised'" may be dismissed for failure to satisfy Rule 8.  *Hearns v. San*

*Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau*

*v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Simmons v. Abruzzo*, 49

F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to *sua sponte*

dismiss a complaint for failure to comply with Rule 8 where the complaint is so

confused, ambiguous, or unintelligible that its true substance is well disguised); *see*

*also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a

complaint but written . . . , prolix in evidentiary detail, yet without simplicity,

conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to

perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*,

651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule

8] may be dismissed with prejudice[.]").  Put slightly differently, a district court

may dismiss a complaint for failure to comply with Rule 8 where it fails to provide

the defendants fair notice of the wrongs they have allegedly committed.  *See*

*McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot

determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

　　　　Plaintiff's Amended Complaint -- and, therefore, Plaintiff's claims -- do not meet the requirements of Rule 8.  The Amended Complaint is not organized by Defendant or claim but instead provides a long, confusing narrative outlining Plaintiff's numerous grievances (and conspiracy theories) against the twenty-plus named Defendants, which appear to rise from a number of scattered and separate events that began in 1931 and have taken place in Hawaii, Minnesota, New York, Virginia, Germany, Afghanistan, and Iraq.  As written, it is impossible to discern the basic set of facts underlying Plaintiff's claims, including which claims are against which Defendants and the basis for this court's jurisdiction.[6]  In short,

---

[6] While Plaintiff's Amended Complaint references federal statutes, treaties, and constitutional provisions, it is far from clear whether the basis for this court's jurisdiction for each claim is federal law or diversity.

Plaintiff's Amended Complaint utterly fails to provide Defendants proper notice of the claims being asserted against them, and as such, does not afford Defendants a fair opportunity to assert defenses, form an answer, or otherwise conduct discovery. *See id.* at 1178-80.[7] Rule 8 is directed precisely to prevent such a burden. *See id.* at 1179 ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Accordingly, the court DISMISSES Plaintiff's Amended Complaint WITH LEAVE TO AMEND. If Plaintiff chooses to file a second amended complaint, Plaintiff must write *short, plain statements* telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity.[8] *See Rizzo v. Goode*, 423 U.S. 362, 371-72

---

[7] The Amended Complaint also violates Rule 8 because it requires this court to "manage the litigation without knowing what claims are made against whom." *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996).

[8] If Plaintiff chooses to file a second amended complaint, he must identify a basis for this court's jurisdiction for each claim pursuant to 28 U.S.C. § 1331 or § 1332.

Section 1331 provides for federal question jurisdiction -- stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To base jurisdiction under § 1331, Plaintiff must identify which, if any,

(1976).[9]  *Plaintiff must repeat this process for each person or entity that he names as a defendant.*  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the Complaint or Amended Complaint by reference.  Plaintiff may include only one claim per count.  Any cause of action not raised in the second amended complaint is waived.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).[10]

---

federal constitutional provision, statute, or treaty provides federal question jurisdiction.  Section 1332(a)(1), which provides for diversity jurisdiction, states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  To premise jurisdiction on diversity, Plaintiff must include in his second amended complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).

[9]  Some of the allegations in Plaintiff's Amended Complaint appear to be general grievances that are unrelated to him personally (*e.g.*, the Holocaust, the Afghanistan war, or alleged conspiracies to conceal the murders of Bob Nakasone and Paul Wellstone).  The court informs Plaintiff that in order to state a valid claim he must have suffered an "injury in fact" -- in other words, Plaintiff must allege an "invasion of a legally protected interest which is . . . concrete and particularized[.]"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation signals omitted).  "Particularized" means "that the injury must affect . . . [P]laintiff in a personal and individual way."  *See id.* at 561 n.1.

[10]  Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address."  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam); *see also Soliman v. Johanns*, 412 F.3d 920 , 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the

## <u>CONCLUSION</u>

For the reasons stated above, the court DISMISSES the Amended

Complaint WITH LEAVE TO AMEND.  Plaintiff is given leave to amend as

described in this Order by **August 10, 2009**.  Failure to file a second amended

complaint by **August 10, 2009** will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 8, 2009.



```
  /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Strege v. Group Builders et al.*, Civ. No. 09-00249 JMS/BMK, Order Dismissing Plaintiff's
Amended Complaint with Leave to Amend

---

federal courts is responsible for maintaining communication with the court during the pendency
of his lawsuit.").  Thus, if Plaintiff's address changes, he must file notice of his new address with
this court.  Failure to provide the court with his current address may result in dismissal of this
action.  *See Carey*, 856 F.2d at 1441 (upholding sanction in form of dismissal of action for pro se
plaintiff's failure to prosecute where notice of dismissal was returned as undeliverable).