IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADAM PAUL STREGE, | ) | CIVIL NO. 09-00249 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING PLAINTIFF'S |
| | ) | SECOND AMENDED COMPLAINT |
| vs. | ) | WITHOUT LEAVE TO AMEND |
| | ) | |
| GROUP BUILDERS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

On July 9, 2009, this court entered an Order Dismissing Pro Se Plaintiff Adam Paul Strege's ("Plaintiff") Amended Complaint with Leave to Amend ("July 9, 2009 Order") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and failure to meet the requirements of Rule 8.[1] *Strege v. Group Builders Inc.*, 2009 WL 2003965 (D. Haw. July 9, 2009).

In response, on August 4, 2009, Plaintiff filed a Second Amended Complaint against Custom Drywall; Gerald and Mark Rauenhorst and All the Companies They Own; Hawaii Carpenters Union; Group Builders; Deutsche Hypothkenbank; Landesbank Bank Wurttemberg; Allianz Ag; Bancorp; U.S.

---

[1] On July 28, 2009, the court entered an Order (1) Denying Plaintiff's Motion for Appointment of Counsel and (2) Denying Plaintiff's Motion for Reconsideration ("July 28, 2009 Order"). *See* Doc. No. 21.

Bank; Central Pacific Bank; Gilbert Keith Agaran in his official and unofficial capacity; Exclusive Resorts; Clift Tsuji in his official and unofficial capacity; Prudential Financial; Hawaii Carpenters Health and Welfare; Cathy Bowman; Gary Bowman and His Former Underwriting Business; Cathy Bowman's Son That Works with Embezzlement Government Oversight in Washington, D.C. in his official and unofficial capacity; Cathy Bowman's Daughter the Afghanistan Ambassador in her official and unofficial capacity; the Afghanistan Ambassador's Husband, the Swiss Banker; the Swiss Bank where Cathy Bowman's Daughter's Husband Works; Pasco Bowman in his official and unofficial capacity; Evelyn P. Sardinhya in her official and unofficial capacity; Calvin K.Y. Say in his official and unofficial capacity; Northern Global Trust (AXA Financial); Lower Manhattan Development Corporation; and Deutsche Bank (collectively, "Defendants") alleging various civil rights violations, conspiracies, and violations of the Americans with Disabilities Act and international law.[2] Upon *sua sponte* review, the court DISMISSES Plaintiff's Second Amended Complaint WITHOUT LEAVE TO AMEND.[3]

---

[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

[3] On August 14, 2009, Plaintiff filed a "Request for[] Reasonable Accommodation" which the court liberally construes as a Motion for Reconsideration of the July 28, 2009 Order denying him appointment of counsel ("Plaintiff's Motion for Reconsideration of Appointment of

**ANALYSIS**

The court may dismiss a complaint pursuant to Rule 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was

---

Counsel"). For the reasons set forth in the July 28, 2009 Order and because -- like Plaintiff's Amended Complaint -- Plaintiff's Second Amended Complaint has not provided any set of facts showing that he has any likelihood of success on the merits of his claims, the court DENIES Plaintiff's Motion for Reconsideration of Appointment of Counsel.

required because the district court lacked subject matter jurisdiction . . . .").[4]

Plaintiff's Second Amended Complaint -- like the Amended Complaint the court dismissed previously -- is rambling, garbled, and extremely difficult to decipher. To the extent the court can discern, Plaintiff's confused 31-page, single-spaced Second Amended Complaint (filed along with 19 pages of exhibits) claims that Defendants are responsible for: (1) a conspiracy to conceal the murders of Representative Bob Nakasone and Congressman Paul Wellstone, *see* Second Am. Compl. at 1-5, ¶¶ 41-45, 47-51, 53, 56-59, 61-64, 66, 68-69, 71-72, 74-77, 79-81(a)-(b),[5] 82(b), 89, 93-99, 101-03; (2) the September 11th terrorist attacks, *see id.* at 1-5, 8 ¶¶ 39, 41-48, 50-51, 53, 56-58, 61, 63-64, 66, 68-69, 71-72, 74-77, 79-81(a), 82(b), 93-94, 97, 99, 101-03; (3) embezzlement and/or illegal profiting from the September 11th attacks and/or the Iraq or Afghanistan wars, *see id.* at 4-5, ¶¶ 53, 58, 61, 70, 74-77, 79-81(a), 82(b), 102-03; (4) a "conspiracy to commit Genocide on the American people" by robbing them of their pensions, retirement funds, and life insurance, *see id.* at 1, ¶¶ 53, 61, 63, 68, 72, 74, 76-77,

---

[4] Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

[5] Because Plaintiff has two paragraphs numbered 81 and 82 in his Second Amended Complaint, the court refers to them as "(a)" and "(b)" accordingly.

81, 93, 99, 101, 103;[6] (5) causing Plaintiff's brain injury, *see id.* at 5-6, ¶¶ 41, 46, 50, 66, 74, 99, 103; (6) a conspiracy to murder Plaintiff, *see id.* at 2-3, 6, ¶¶ 45, 51-52, 74, 80, 103; (7) firing Plaintiff and/or denying him employment and/or benefits due to his religion, disability, and/or his knowledge of the various conspiracies outlined in the Second Amended Complaint, *see id.* at 2-3, ¶¶ 40-41, 48-49, 80, 81(b), 82(b), 99; (8) a conspiracy to give Group Builders all of the business on Maui, *see id.* ¶¶ 51, 66, 71, 99; and (9) the Afghanistan and Iraq wars. *Id.* ¶¶ 41, 53, 97.

Although Plaintiff's Second Amended Complaint is partially organized by Defendant, it appears that Plaintiff alleges that all (or at least a majority) of the Defendants are responsible for of his claims. *See e.g., id.* at 1 ("Allegedly this conspiracy was formed [by] the defendants with state actors and caused the September 11th Terrorist Attacks [and] the Murder of Cong[ressman] Paul Wellstone and Rep[resentative] Bob Nakasone [a]nd are conspiring to commit Genocide on the American People[.]"); *id.* at 9 ("All co conspirators are in further of some purpose of the conpsiracy and in furtherance of some purpose of the conspiracy[.]"); *id.* ("Defendants Invest in Insurance, Pension Plans, 401K,

---

[6] Plaintiff also refers to a less specific genocide. *See* Sec. Am. Compl. at 1 ¶¶ 41, 45, 57, 63-64, 71, 80, 97, 101.

Retirement [and] some financed the Last Holocaust and if everybody in America died then these Banks and trusts would have [their] money.”).

Because the Second Amended Complaint is muddled, incoherent, and utterly incomprehensible, Plaintiff cannot possibly win relief as drafted and, therefore, dismissal of Plaintiff’s Second Amended Complaint without notice is proper. *See Omar*, 813 F.2d at 991. As such, the court DISMISSES Plaintiff’s Second Amended Complaint as set forth in this Order.[7]

Additionally, the court may dismiss Plaintiff’s Second Amended Complaint for failure to comply with Rule 8. Rule 8 mandates that a complaint include a “short and plain statement of the claim,” Fed. R. Civ. P. 8(a)(2), and that “each allegation must be simple, concise, and direct.” Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its “‘true substance, if any, is well disguised’” may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep’t*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.

---

[7] Unlike the instant case, where a complaint as drafted could possibly provide relief, notice is required prior to dismissal. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (“A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, . . . but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs ‘an opportunity to at least submit a written memorandum in opposition to such motion.’” (citation omitted)). Here, the court specifically finds that Plaintiff’s Second Amended Complaint could not possibly provide him with any relief.

1995) (stating that a district court has the power to *sua sponte* dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]"). Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at

1179.

Like his Amended Complaint, Plaintiff's Second Amended Complaint wholly fails to meet Rule 8's requirements. The Second Amended Complaint consists of an incompressible, stream-of-consciousness narrative outlining Plaintiff's numerous grievances and conspiracy theories against Defendants which spans over an unspecified period of time and includes events that have occurred in Germany, Afghanistan, Iraq, Hawaii, Minnesota, and Washington, D.C. While part of the Second Amended Complaint is organized by Defendant, it appears that Plaintiff alleges that all (or at least a majority) of the Defendants are responsible for each of his grievances. *See* Sec. Am. Compl. at 1-9. As written, the court cannot discern the basic set of facts underlying each of Plaintiff's claims or be certain which claims are brought against which Defendant -- that is, the Second Amended Complaint is so confusing that its "true substance, if any, is well disguised." *See Hearns*, 530 F.3d at 1131.[8] Because Plaintiff's Second Amended Complaint fails to provide Defendants proper notice of the claims being asserted against them, and, as such, does not afford Defendants a fair opportunity to assert defenses, form an answer, or otherwise conduct discovery, the court may dismiss

[8] Additionally, although Plaintiff's Second Amended Complaint references federal statutes, treaties, and constitutional provisions, it is far from clear whether the basis for this court's jurisdiction for each claim is federal law or diversity.

Plaintiff's Second Amended Complaint for failure to comply with Rule 8.[9] *See id.*; *McHenry*, 84 F.3d at 1179.[10]

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires" and "requests for leave should be granted with 'extreme liberality.'" *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *See id.* "The district court's discretion is particularly broad in cases such as this, where [Plaintiff] has previously been granted leave to amend and fails" to remedy the prior complaint's defects. *See Rubke v. Capitol Bancorp, Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009).

Plaintiff has had three chances to draft a complaint that complies with Rules 8 and 12(b)(6). Although the court explained how to comply with the

---

[9] The Second Amended Complaint also violates Rule 8 because it requires this court to "manage the litigation without knowing what claims are made against whom." *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996).

[10] Due to the confused nature of Plaintiff's Second Amended Complaint, it is also impossible to discern if sovereign immunity has been waived as to the federal Defendants named in their official capacity. *See McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Where a suit has not been consented to by the United States, dismissal of the action is required . . . [because] the existence of such consent is a prerequisite for jurisdiction." (citation and quotation signals omitted)); *Aminoil U.S.A., Inc. v. Cal. State Water Res. Control Bd.*, 674 F.2d 1227, 1233 (9th Cir. 1982) (noting sovereign immunity extends to officers acting in their official capacities); *LeCrone v. U.S. Navy*, 958 F. Supp. 469, 473 n.3 (S.D. Cal. 1997) ("Actions may not be brought against federal agencies or federal officers acting in their official capacities because of the bar of sovereign immunity.").

Federal Rules in its July 9, 2009 and July 28, 2009 Orders,[11] Plaintiff has failed to remedy the prior defects in his Second Amended Complaint. On these facts, further amendment would be futile.

Accordingly, the court DISMISSES Plaintiff's Second Amended Complaint WITHOUT LEAVE TO AMEND.

///

///

///

///

///

---

[11] The court's July 9, 2009 Order explained that:

> [i]f Plaintiff [chose] to file a second amended complaint, Plaintiff must write *short, plain statements* telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity.

*Strege v. Group Builders Inc.*, 2009 WL 2003965, at *3 (D. Haw. July 9, 2009). The court's July 28, 2009 Order further clarified that a Second Amended Complaint must

> (1) Tell the court the constitutional or statutory right Plaintiff believes was violated;
> (2) Clearly state how each Defendant has injured him. In other words, Plaintiff should list each Defendant and should explain to the court what it is that each Defendant did or failed to do, and the specific injury that Plaintiff suffered as a result; and
> (3) Clearly state what relief is being sought. In other words, Plaintiff should explain what it is he would like the court to do.

Doc. No. 21.

**CONCLUSION**

For the reasons stated above, the court DISMISSES the Second Amended Complaint WITHOUT LEAVE TO AMEND. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 31, 2009.




/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Strege v. Group Builders et al.*, Civ. No. 09-00249 JMS/BMK, Order Dismissing Plaintiff's Second Amended Complaint Without Leave to Amend